**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**DARREN L. WILLIAMS,**

     **Plaintiff,**

     v.                       **CASE NO. 20-3277-SAC**

**JEFF ZMUDA, et al.,**

     **Defendants.**

**<u>MEMORANDUM AND ORDER</u>**

Plaintiff, a state prisoner appearing *pro se*, filed this civil rights complaint pursuant to 42 U.S.C. § 1983.  Plaintiff is an inmate at the Hutchinson Correctional Facility in Hutchinson, Kansas ("HCF").

**I.  Nature of the Matter before the Court**

Plaintiff alleges in his Complaint that around March 2020, the Kansas Department of Corrections ("KDOC") implemented video visitation as an alternative means of visitation.  The KDOC created a policy requiring all offenders housed as sex offenders to apply for and receive a full override of their classification as a sex offender in order to be granted visiting privileges via video.  Plaintiff alleges that the override was designed to determine the allowance or denial of contact with children under the age of eighteen.

Plaintiff alleges that the KDOC summarily denied his override request without explanation and without regard for whom he was seeking visitation with or the overall objective of his application.  Plaintiff was seeking video visitation privileges with his mother, father, aunt, cousins, grandma, etc.—all of whom are Plaintiff's age or older.  Plaintiff alleges that he was denied video privileges for adults who were already on his approved list, due to his failure to obtain the override.

Plaintiff alleges that the KDOC is requiring him to attend the Sex Offender Treatment Program ("SOTP") in order to be seriously considered for an override, but the time remaining on his sentence will not allow access to the program, which takes place during the last eighteen months of incarceration.  Plaintiff alleges that he has no disciplinary violations or other behavior that would justify the denial of visitation privileges.

Plaintiff alleges that the KODC's policy is not related to a government interest and serves no purpose other than to sever family ties and cause pain and suffering.  Plaintiff also alleges that similarly situated prisoners are allowed video visitation.  Plaintiff's request for relief includes granting Plaintiff the override and/or allowing him immediate access to the SOTP to enable him to have video visitation with the adults on his approved list.

## II.  Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)– (2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992).  A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  In addition, the court accepts

all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at

1218 (citation omitted).  Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'"  *Smith*, 561 F.3d at 1098 (citation omitted).  "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III.  Discussion

Plaintiff challenges the KODC's policy regarding video visitation and its application of the override and SOTP criteria.  Plaintiff alleges that the KODC's policy is arbitrary and unreasonable, not related to a government interest, and serves no purpose other than to sever family ties and cause pain and suffering.  Plaintiff also alleges that similarly situated prisoners are being allowed video visitation.

The Constitution "allows prison officials to impose reasonable restrictions upon visitation." *Wirsching v. Colorado*, 360 F.3d 1191, 1198 (10th Cir. 2004) (citation omitted).  In assessing a visitation restriction, the courts apply the standard set forth in *Turner v. Safley*, 482 U.S. 78, 89 (1987):  "a prison regulation imping[ing] on inmates' constitutional rights . . . is valid if it is reasonably related to legitimate penological interests." *Id*.  "That deferential review follows from the principle that '[s]ubjecting the day-to-day judgments of prison officials to an inflexible strict scrutiny analysis would seriously hamper their ability to anticipate security problems and to adopt innovative solutions to the intractable problems of prison administration.'" *Id*. at 1198–99.

Thus, the Court must "balance the guarantees of the Constitution with the legitimate concerns of prison administrators," *Beerheide v. Suthers*, 286 F.3d 1179, 1185 (10th Cir. 2002), asking:

> (1) whether a rational connection exists between the prison policy regulation and a legitimate governmental interest advanced as its justification; (2) whether alternative means of exercising the right are available notwithstanding the policy or regulation; (3) what effect accommodating the exercise of the right would have on guards, other prisoners, and prison resources generally; and (4) whether ready, easy-to-implement alternatives exist that would accommodate the prisoner's rights.

*Id*. at 1199 (citing *Turner,* 482 U.S. at 89–91, 107 S. Ct. 2254). "*Turner* thus requires courts, on a case-by-case basis, to look closely at the facts of a particular case and the specific regulations and interests of the prison system in determining whether prisoners' constitutional rights may be curtailed." *Id*. (citing *Beerheide*, 286 F.3d at 1186).

The Court finds that the proper processing of Plaintiff's claims cannot be achieved without additional information from appropriate officials of HCF.  *See Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978); *see also Hall v. Bellmon*, 935 F.2d 1106 (10th Cir. 1991).  Accordingly, the Court orders the appropriate officials of HCF to prepare and file a *Martinez* Report.  Once the report has been received, the Court can properly screen Plaintiff's claims under 28 U.S.C. § 1915.

**IT IS THEREFORE ORDERED BY THE COURT** that**:**

(1)	The Clerk of Court shall serve waiver of summons on Defendants.

(2)	Upon the electronic filing of the Waiver of Service Executed, the Kansas Department of Corrections ("KDOC") shall have **thirty (30) days** to prepare the *Martinez* Report. Upon the filing of that report, the AG/Defendants shall have an additional **thirty (30) days** to answer or otherwise respond to the Complaint.

(3)     Officials responsible for the operation of HCF are directed to undertake a review of the subject matter of the Complaint:

       a.     To ascertain the facts and circumstances;

       b.     To consider whether any action can and should be taken by the institution to resolve the subject matter of the Complaint; and

       c.     To determine whether other like complaints, whether pending in this Court or elsewhere, are related to this Complaint and should be considered together.

(4)     Upon completion of the review, a written report shall be compiled which shall be filed with the Court and served on Plaintiff.  The KDOC must seek leave of the Court if it wishes to file certain exhibits or portions of the report under seal or without service on Plaintiff. Statements of all witnesses shall be in affidavit form.  Copies of pertinent rules, regulations, official documents, and, wherever appropriate, the reports of medical or psychiatric examinations shall be included in the written report.  Any recordings related to Plaintiff's claims shall also be included.

(5)     Authorization is granted to the officials of HCF to interview all witnesses having knowledge of the facts, including Plaintiff.

(6)     No answer or motion addressed to the Complaint shall be filed until the *Martinez* Report required herein has been prepared.

(7)     Discovery by Plaintiff shall not commence until Plaintiff has received and reviewed Defendants' answer or response to the Complaint and the report ordered herein.  This action is exempted from the requirements imposed under Fed. R. Civ. P. 26(a) and 26(f).

**IT IS FURTHER ORDERED** that the Clerk of Court shall enter KDOC as an interested party on the docket for the limited purpose of preparing the *Martinez* Report ordered herein.  Upon the filing of that report, KDOC may move for termination from this action.

Copies of this order shall be transmitted to Plaintiff, to Defendants, and to the Attorney General for the State of Kansas.

**IT IS SO ORDERED.**

**Dated March 10, 2021, in Topeka, Kansas.**

<u>**s/ Sam A. Crow**</u>
**SAM A. CROW**
**U. S. Senior District Judge**