## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **DARREN L. WILLIAMS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 20-3277-JWB-GEB** |
| | ) | |
| **JEFF ZMUDA, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## <u>ORDER</u>

Plaintiff, a state prisoner appearing *pro se*, filed this civil rights complaint pursuant to 42 U.S.C. § 1983. The events giving rise to his Complaint occurred during his incarceration at the Hutchinson Correctional Facility in Hutchinson, Kansas ("HCF"). On March 10, 2021, the Court entered a Memorandum and Order (ECF No. 6) directing the appropriate officials of HCF to prepare and file a *Martinez* Report. The *Martinez* Report (ECF No. 9) was filed on April 8, 2021. This matter is before the Court on multiple motions filed by the parties.

Plaintiff filed a Motion to Inform the Court of Default of Legal Suspense (**ECF No. 17**) suggesting that Defendants have failed to timely respond to the Complaint. Plaintiff points to language in the Court's order (ECF No. 6) providing an answer should be filed 30 days following submission of the *Martinez* Report. Because the Court is granting an extension of time to file a responsive pleading as set forth below, Plaintiff's motion (**ECF No. 17**) is **found to be MOOT**.

1

Plaintiff also filed a Motion to Request Information (**ECF No. 18**) seeking clarification as to why this case was reassigned to a different judge. Plaintiff seeks an explanation of "why Senior District Judge Same A. Crow has recused himself" or what other reasons exist for the reassignment. (*Id*.) The Court **GRANTS** this motion to the extent the Court formally informs Plaintiff that Judge Crow did not recuse from this case, but rather this case was reassigned in keeping with the practice in the District of Kansas of reassigning *pro se* prisoner cases after the case proceeds past the initial screening. This case was reassigned as per the normal procedure.

Plaintiff filed a Motion to Request Status/Decision (**ECF No. 19**) requesting the status of his pending motions and other filings. The Court **finds** the motion (**ECF No. 19**) as **MOOT**, in part, in light of this Order ruling on pending motions.  The Court **GRANTS** the motion in part by directing the Clerk to provide Plaintiff with a copy of the docket in this case.

Additionally, Plaintiff filed a Motion for the Court to Compel the Kansas Department of Corrections to Provide Copies (**ECF No. 20**) asking the Court to compel the KDOC to provide Plaintiff with copies of all filings. The Court **GRANTS** the motion in part, to the extent the Clerk is providing Plaintiff with a copy of the docket so he has the opportunity to ensure possesses copies of all documents filed. The Court also **DENIES** the motion in part without prejudice to later refiling. The KDOC is obligated to provide copies; however, Plaintiff has not set forth a particular document he failed to receive. In fact, he has responded to the *Martinez* Report and other documents filed in this case. If Plaintiff

believes he has not received a copy of a particular filing after reviewing the docket in this case, he can request a copy at that time.

Plaintiff also filed two discovery-related motions: a Petition for the Court to Compel the KDOC to Provide Information (**ECF No. 12**), and a Motion to Strike Defendants' Exhibit 24 (**ECF No. 21**). First, Plaintiff's motion to compel (**ECF No. 12**) is **DENIED** without prejudice. Pursuant to Fed. R. Civ. P. 26(d), a party may not seek discovery before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by the rules, by stipulation, or by court order.[1] Although a pro se prisoner petition is technically exempted from initial disclosures and the Rule 26(f) conference under Rule 26(A)(1)(B)(iv), given the procedural posture of this case and because Defendants have yet to respond to the Complaint, the Court finds the discovery requested by Plaintiff premature at this time.

Plaintiff's Motion to Strike (**ECF No. 21**) is also **DENIED**. The KDOC sought permission to file Exhibit 24 to the Martinez Report under seal (*see* Motion, ECF No. 7), and District Judge Sam E. Crow considered the request after a review of the information presented. (Order, ECF No. 8.) This Court will not now second-guess the prior decision of the Court. Furthermore, given the issues in this matter, the Court finds the information at least minimally relevant to the claims and defenses of the parties—the underlying reasoning for scrutiny of Plaintiff's video visitation.

Defendants Zmuda and Burris filed a Motion for Extension of Time to File Responsive Pleading (**ECF No. 23**) seeking an extension of time until June 16, 2021, to

---

[1] Fed. R. Civ. P. 26(d).

file a responsive pleading, due to lack of notice of the filing of the *Martinez* report and administrative errors in the Attorney General's office. Plaintiff filed responses (ECF Nos. 24, 27) objecting to Defendants' request for an extension of time. Defendants also filed a Motion for Screening (**ECF No. 25**) asking the Court to screen Plaintiff's Complaint in light of the *Martinez* Report. Defendants ask the Court to extend the time to file a responsive pleading in the event the case survives screening. They seek an extension of time until 30 days after the Complaint has been screened. (ECF No. 25 at 3.)  Plaintiff filed a response (ECF No. 26) indicating although he opposes an extension of the responsive pleading, he is not opposed to screening. On review of the briefing, the Court **GRANTS** in part and **DENIES** in part Defendants' motion for extension of time (**ECF No. 23**). Given the finding on screening below, the screening issue is now decided and further delay of the responsive pleading is unnecessary. Given the history of this case, and Defendants request for answer on June 16, a 30-day extension appears excessive. Defendants' responsive pleading is due **June 18, 2021**, which provides them approximately 10 days to complete their responsive pleading.

The Court **GRANTS** Defendants' motion for screening (**ECF No. 25**). Plaintiff challenges the KDOC's policy regarding video visitation and its application of the override and Sex Offender Treatment Program criteria.  Plaintiff alleges that the KDOC's policy is arbitrary and unreasonable, not related to a government interest, and serves no purpose other than to sever family ties and cause pain and suffering.  Plaintiff also alleges that similarly situated prisoners are being allowed video visitation. The Constitution "allows

prison officials to impose reasonable restrictions upon visitation."[2] In assessing a visitation restriction, the courts apply the standard set forth in *Turner v. Safley*:[3] "a prison regulation imping[ing] on inmates' constitutional rights . . . is valid if it is reasonably related to legitimate penological interests."[4] The Court finds that this case survives screening and warrants a responsive pleading. Therefore, Defendants are **GRANTED** a short extension of time to file a responsive pleading as noted above.

Most recently, Plaintiff filed two motions related to his apparent inability to receive confirmation of court filings, claiming his Unit Team Manager ("UTM"), Mr. Ruiz, refused to assist him with confirming his court filings. (Motion to Compel Speedy Delivery, **ECF No. 28**.)  In a related vein, Plaintiff also contends after complaining about his lack of receipt of filings, he was retaliated against by Mr. Ruiz moving him from the Honor Dorm where he has been housed for two years. (Motion to Inform the Courts, **ECF No. 31**.)

Plaintiff's case is part of the Prisoner E-Filing program between this Court and the Kansas Department of Corrections. If Plaintiff files a document with the Court electronically through his UTM or librarian, these facility staff scan the document and file it electronically, and Plaintiff should receive his original back from the facility after filing. He is provided immediate confirmation of any filings in his case through an electronic notification ("NEF") to KDOC_court_file_hcf@ks.gov.[5] The notification should then be

---

[2] *Wirsching v. Colorado*, 360 F.3d 1191, 1198 (10th Cir. 2004) (citation omitted).
[3] 482 U.S. 78, 89 (1987)
[4] *Id*.
[5] *See* Civil Administrative Procedure for Filing, Signing, and Verifying Pleadings and Papers by Electronic Means in the United States District Court for the District of Kansas, available at http://ksd.circ10.dcn/index.php/rules/.

distributed through institutional channels to Plaintiff. In addition to this electronic notification, any document filed by Plaintiff in hard copy by U.S. mail is also mailed back to him by the clerk's office. If a document is filed by opposing counsel, they are also required to send the actual document plus the NEF to Plaintiff by mail.

Given this procedure, Plaintiff's motion (**ECF No. 28**) is **GRANTED** in part, in that the Court takes notice of his grievance. His motion is **DENIED** as moot to the extent the Clerk's office has already been ordered above to provide Plaintiff a copy of the docket, which will verify all filings in this matter.

However, because it is KDOC and not Plaintiff who is initially and directly receiving electronic notifications of each filing, **Defendants are strongly cautioned to ensure Plaintiff's timely receipt of his court filings as required**. Likewise, defense counsel is encouraged to communicate with their clients regarding the importance of Plaintiff's access to his court filings.

Furthermore, the issue of retaliation presented in Plaintiff's May 30 filing (**ECF No. 31**) is not presently before this Court as a part of the pleadings. Additionally, Plaintiff indicates in his motion he is "informing" the Court and "forgives" his UTM. To that extent, the motion is **DENIED** without prejudice as the Court is unable to compel specific relief at this time. That said, Defendants are again **strongly cautioned** to review these allegations and address them accordingly to avoid future claims being added to this case.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion to Compel the KDOC to Provide Information (**ECF No. 12**) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Inform the Court of Default of Legal Suspense (**ECF No. 17**) is found to be **MOOT.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Request Information (**ECF No. 18**) is **GRANTED** to the extent the Court provides clarification in this Order.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Request Status/Decision (**ECF No. 19**) is found to be **MOOT** in part and **GRANTED** in part. The Court directs the Clerk to provide Plaintiff with a current copy of the docket in this case.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for the Court to Compel the Kansas Department of Corrections to Provide Copies (**ECF No. 20**) is **GRANTED** in part and **DENIED** in part without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Strike Exhibit 24 to the Martinez Report (**ECF No. 21**) is **DENIED.**

**IT IS FURTHER ORDERED** that Defendants' motion for extension of time (**ECF No. 23**) is **GRANTED** in part and **DENIED** in part. Defendants are granted an extension of time until **June 18, 2021,** in which to answer or otherwise respond to Plaintiff's Complaint.

**IT IS FURTHER ORDERED** that Defendants' Motion for Screening (**ECF No. 25**) is **GRANTED** as set forth herein.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Compel Speedy Delivery (**ECF No. 28**) is **GRANTED** in part and **DENIED** as moot in part as set forth above.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Inform the Courts (**ECF No. 31**) is **DENIED** without prejudice as set forth herein.

7

**IT IS SO ORDERED.**

Dated June 7th, 2021, in Wichita, Kansas.


s/ Gwynne E. Birzer
GWYNNE E. BIRZER
United States Magistrate Judge