## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DARREN L. WILLIAMS,⟩ | |
| ⟩ | |
| Plaintiff,⟩ | |
| ⟩ | |
| v.⟩ | Case No. 20-3277-JWB-GEB |
| ⟩ | |
| JEFF ZMUDA, Secretary of the Kansas ⟩ | |
| Department of Corrections, and ⟩ | |
| DOUGLAS W. BURRIS, Facility Manager, ⟩ | |
| Kansas Department of Corrections, ⟩ | |
| ⟩ | |
| Defendants.⟩ | |

## ORDER

Plaintiff Darren L. Williams, a state prisoner appearing *pro se*, filed this civil rights complaint pursuant to 42 U.S.C. § 1983. The events giving rise to his Complaint occurred during his incarceration at the Hutchinson Correctional Facility in Hutchinson, Kansas ("HCF"). He generally contends his requests for video visitation with his family members have been summarily denied in violation of his federal rights. (*See* Complaint, ECF No. 4.) Defendants deny Plaintiff's rights have been violated and allege by virtue of his convictions, he is subject to additional special policies applying to sex offenders in KDOC custody. (*See* ECF No. 39 at 2.)

On March 10, 2021, the Court entered a Memorandum and Order (ECF No. 6) directing the appropriate officials of HCF to prepare and file a *Martinez* Report. The Kansas Department of Correction ("KDOC") filed the *Martinez* Report (ECF No. 9) on April 8, 2021. Following the filing of multiple motions by the parties, the undersigned U.S.

Magistrate Judge entered an Order deciding those motions. (Mem. and Order, ECF No. 32, filed June 7, 2021.) Since the date of that order, Plaintiff filed seven additional motions (ECF Nos. 34, 42, 48, 57, 58, 61, and 63) and Defendants filed a motion to dismiss or for summary judgment (ECF No. 35) and a motion to stay all discovery and related Rule 26 activities (ECF No. 39). The Court addresses each motion assigned to the undersigned U.S. Magistrate Judge in turn.

## I.   Plaintiff's Motions

Plaintiff first filed a **Motion to Request Access to "Exhibit 24." (ECF No. 34.)** Defendants oppose the request. (Response, ECF No. 38.) Plaintiff seeks to access this document filed as an exhibit to the *Martinez* report. This same document has been the topic of two prior motions and Court orders. On April 8, 2021, District Judge Sam A. Crow granted the KDOC's motion to file its Exhibit 24 under seal. (Order, ECF No. 8.) The Court permitted sealing of the document because "possession of [Exhibit 24] by plaintiff would violate prison disciplinary rules and present safety and security issues." (*Id.*) Plaintiff then asked for the undersigned to strike the exhibit (Motion, ECF No. 21), but his motion was denied, with the undersigned noting she would "not now second-guess the prior decision of the Court." (Order, ECF No. 32.)

To the extent Plaintiff's motion may be considered a motion to reconsider this Court's June 7, 2021 order, he has not articulated any intervening change in controlling law nor any new evidence applicable to the prior ruling. He has not convinced the Court of the need to correct clear error or prevent manifest injustice.[1] In addition, it appears

---

[1] *See* D. Kan. Rule 7.3, Motions to Reconsider.

Defendant has not relied upon this document in its dispositive motion; therefore, it is unnecessary for Plaintiff to "formulate his [] responses" (ECF No. 34) based on the information contained in Exhibit 24. Plaintiff conceded in his Response to the *Martinez* report that he "has no need or desire to review [sealed documents including Exhibit 24], whether by court order or otherwise, as [it] has nothing whatever to do with contact via video with adults on plaintiff's approved visit list." (ECF No. 11 at 8.) For these reasons, Plaintiff's Motion to Request Access to Exhibit 24 (**ECF No. 34**) is **DENIED**. The Court *strongly discourages* further motion practice regarding Exhibit 24.

Plaintiff's **Motion to Renew Request for the Court to Compel the KDOC to Provide Information (ECF No. 42)** is another renewal of a motion previously decided. (*See* Motion, ECF No. 12; Order, ECF No. 32.) Plaintiff's earlier motion sought to compel discovery from the KDOC; however, his request was denied without prejudice as premature. (ECF No. 32 at 3.) Plaintiff did not timely seek reconsideration of that order under D. Kan. Rule 7.3, and even if he had done so, he does not now present grounds for reconsideration. Additionally, as discussed below, the Court finds it appropriate to stay discovery pending a decision on the dispositive notion (*see* Part II below). Therefore, Plaintiff's Motion to Compel discovery (**ECF No. 42**) is **DENIED**.

In Plaintiff's **Motion for Ruling on Pending Motions (ECF No. 57)** and his most-recently-filed **Request that a Decision be Made without Further Delay (ECF No. 63)**, he seeks the Court's ruling on "all open motions and other filings." (ECF No. 57 at 1.) His supplement to his initial motion seeks no specific relief but is posed as a "Question for District Judge John W. Broomes or Magistrate Judge Gwynne E. Birzer" regarding the

length of time in which the Court normally decides an open lawsuit. (ECF No. 59.) The clerk's office responded to Plaintiff's inquiry with a memorandum noting there is no set time frame for ruling on motions, and provided him a copy of the current docket sheet. (ECF No. 59 at 3.)

As a pro se litigant, although Plaintiff is given deference, he is encouraged—and in fact, required—to be familiar with the federal and local rules. These rules provide both specific instruction and general context to necessary and appropriate filings in federal matters. However, such rules do not provide a set time frame within which a court is required to decide a matter. The federal dockets are increasingly busy, but the parties can be assured this Court does endeavor to decide each manner is as timely a fashion as circumstances necessitate and resources permit.

As all matters before the undersigned U.S. Magistrate Judge are being decided herein, to that extent Plaintiff's motions (**ECF Nos. 57, 63**) are found to be **MOOT**. If Plaintiff is seeking immediate ruling on other matters, his motion is **DENIED**.

Plaintiff's final two motions must be considered together. Initially, he filed a **Motion to Request Cease and Desist (ECF No. 58)**. Such motion asked the Court to compel the KDOC to immediately cease opening of legal mail while not in Plaintiff's presence. (*Id*. at 1.) In the motion, he alleges an official mailing from the U.S. District Court clerk's office dated August 4, 2021 was marked "opened in error" by the KDOC. (*Id*. at 1-2.) Defendant opposed the motion, claiming in part that Plaintiff presents no claim in his Complaint that his mail is improperly opened, so the matter is not properly before the Court, and he did not complete the required four-step KDOC grievance process

regarding his mail claim. (ECF No. 60.) Plaintiff then filed a **Withdrawal of Cease and Desist Request (ECF No. 61)**, conceding the request was not a part of Plaintiff's original complaint, and seeking to withdraw his request. Therefore, Plaintiff's **Motion to Request Cease and Desist (ECF No. 58)** is found to be **MOOT**, and his **Motion for Withdrawal of the Cease and Resist Request (ECF No. 61)** is **GRANTED**.

## II.    Defendants' Motion

Defendants filed a Motion to Dismiss or in the Alternative, for Summary Judgment (ECF No. 35), which was the topic of significant briefing and is ripe for decision before the District Judge. After the filing of the dispositive motion, Defendants filed a **Motion to Stay Discovery and Related Rule 26 Activities (ECF No. 39)**, now pending before the undersigned Magistrate Judge.

Defendants contend discovery would be premature and wasteful prior to a ruling on the dispositive motion because their motion "raises threshold issues that are likely to dispose of all the claims against them." (ECF No. 39 at 3.) Defendants' motion to dismiss raises issues of standing regarding one of Plaintiff's claims (*id*. at 3; *see* ECF No. 36 at 8) and Eleventh Amendment immunity on behalf of defendant Douglas W. Burris (ECF No. 39 at 3; *see also* ECF No. 36 at 9-10). Defendants also argue Plaintiff fails to state any plausible claims under the First or Fourteenth Amendments (*see* ECF No. 36 at 10-23), and discovery will not assist the Court in deciding these issues because they are issues of law, not fact. (ECF No. 39 at 3.) Defendant maintains a ruling on the dispositive motion is likely to "significantly narrow if not dispose of all the claims against them." (ECF No. 39 at 4.) Defendants argue if Plaintiff believes discovery is necessary to the motion to dismiss or for

summary judgment, he should avail himself of the procedure under Fed. R. Civ. P. 56. (ECF No. 46 at 2.)

Plaintiff opposes a stay, and initially filed a Response that did not respond to Defendant's legal arguments but argued he "presently has multiple Discovery items ready to submit" which would "prove the KDOC's policy is unreasonable. (ECF No. 40 at 1.) He contends "these items will aid the Court in making a well-reasoned decision." (*Id.*) Plaintiff later filed two documents best characterized as surreplies. However, under D. Kan. Rule 7.1(c), briefing on motions is limited to the motion (with memorandum in support), a response, and a reply.[2] Surreplies, or briefing beyond these three steps, typically are not allowed and may only be filed with leave of court.[3] Surreplies may be filed only under "rare circumstances" and after good cause is shown.[4] Plaintiff did not seek leave to file a surreply; yet he filed two such briefs after the filing of Defendants' Reply.

As a pro se, Plaintiff is provided deference and his surreply briefing will not be stricken in this instance. But Plaintiff is now on notice he should carefully review D. Kan. Rule 7.1(c) regarding appropriate briefing on motions and conform future briefing accordingly. This rule permits:

> **Responses and Replies to Motions.** Within the time provided in D. Kan. Rule 6.1(d), a party opposing a motion must file a <u>responsive brief</u> or

---

[2] *James v. Boyd Gaming Corp.*, 522 F. Supp. 3d 892, 902 (D. Kan. 2021) (citing *Taylor v. Sebelius*, 350 F. Supp. 2d 888, 900 (D. Kan. 2004), *aff'd on other grounds*, 189 F. App'x. 752 (10th Cir. 2006)).

[3] *Id.*

[4] *Id.* (citing *Humphries v. Williams Nat. Gas Co.*, No. 96-4196-SAC, 1998 WL 982903, at *1 (D. Kan. Sept. 23, 1998) (citations and internal quotation marks omitted); *see also Ambac Assurance Corp. v. Fort Leavenworth Frontier Heritage Cmtys., II, LLC*, No. 15-CV-9596-DDC-JPO, 2017 WL 1035953, at *1 (D. Kan. Mar. 17, 2017)).

memorandum. The moving party may file and serve a written <u>reply brief</u> or memorandum.

D. Kan. Rule 7.1(c) (emphasis added). "The rules governing surreplies . . . 'are not only fair and reasonable, but they assist the court in defining when briefed matters are finally submitted and in minimizing the battles over which side should have the last word.'"[5] Additionally, the Court does not consider the information contained in Plaintiff's surreplies to be so remote or unrelated from the position taken in his original Response such that they would materially affect the Court's decision.

## A.    Legal Standard

A decision on whether to stay litigation is within the Court's inherent power to control its docket and rests in its sound discretion.[6] The Court may exercise that power in the interest of economy of time and effort for itself and for counsel and parties appearing before it.[7] When discharging its discretion, the Court "must weigh competing interests and maintain an even balance."[8] The Tenth Circuit has cautioned, "[t]he right to proceed in court should not be denied except under the most extreme circumstances."[9]

---

[5] *Id.* (citing *Humphries*, 1998 WL 982903, at *1 (citation and internal quotation marks omitted); *see also E.E.O.C. v. Int'l Paper Co.*, No. 91-2017-L, 1992 WL 370850, at *10 (D. Kan. Oct. 28, 1992) (explaining that briefing between parties "must have an end point and cannot be permitted to become self-perpetuating")).

[6] *See Accountable Health Sols., LLC v. Wellness Corp. Sols., LLC*, No. 16-2494-DDC-TJJ, 2016 WL 4761839, at *1 (D. Kan. Sept. 13, 2016); *Universal Premium Acceptance Corp. v. Oxford Bank & Trust*, No. 02–2448–KHV, 2002 WL 31898217, at *1 (D. Kan. Dec. 10, 2002) (citing *Pet Milk Co. v. Ritter*, 323 F.2d 586, 588 (10th Cir. 1963)).

[7] *Universal Premium Acceptance Corp.*, 2002 WL 31898217, at *1 (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936)).

[8] *Pipeline Prods., Inc. v. Horsepower Entm't*, No. 15-4890-KHV-KGS, 2016 WL 1448483, at *1 (D. Kan. Apr. 13, 2016) (citing *Landis*, 299 U.S. at 255).

[9] *Kendall State Bank v. Fleming*, No. 12-2134-JWL-DJW, 2012 WL 3143866, at *2 (D. Kan. Aug. 1, 2012) (citing *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir.1983)).

Recognizing this overarching right to proceed, the general policy of the District of Kansas is to continue with discovery during the pendency of dispositive motions.[10] However, there are recognized exceptions to this rule. One such exception applies where a defendant seeks dismissal based on absolute or qualified immunity.[11] Even if immunity is not at issue, the court considers whether any of the following three "*Wolf* factors" apply to make a stay of discovery appropriate:

1) where the case is likely to be finally concluded as a result of the ruling on the pending dispositive motion;
2) where the facts sought through uncompleted discovery would not affect the resolution of the motion; or
3) where discovery on all issues of the broad complaint would be wasteful and burdensome.[12]

The party seeking stay "must make a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else."[13]

"[B]ecause qualified immunity protects against the burdens of discovery as well as trial, a district court may stay discovery upon the filing of a dispositive motion based on qualified immunity."[14] "Generally, a defendant is entitled to have questions of immunity

---

[10] *Accountable Health Sols.*, 2016 WL 4761839, at *1 (citing *Wolf v. United States*, 157 F.R.D. 494, 495 (D. Kan. 1994)).

[11] *Id.*; *see also Fattaey v. Kansas State Univ.*, No. 15-9314-JAR-KGG, 2016 WL 3743104, at *1 (D. Kan. July 13, 2016) (citing *Kutilek v. Gannon*, 132 F.R.D. 296, 298 (D. Kan. 1990).

[12] *Accountable Health Sols.*, 2016 WL 4761839, at *1; *Randle v. Hopson*, No. 12-2497-KHV-DJW, 2013 WL 120145, at *1 (D. Kan. Jan. 9, 2013) (citing *Wolf*, 157 F.R.D. at 495).

[13] *Landis*, 299 U.S. at 255; *see Accountable Health Sols.*, 2016 WL 4761839, at *1 (citing *Cargill Meat Sols. Corp. v. Premium Beef Feeders, LLC*, No. 13-1168-EFM-TJJ, 2015 WL 3937395, at *1 (D. Kan. June 26, 2015)).

[14] *Stonecipher v. Valles*, 759 F.3d 1134, 1148 (10th Cir. 2014) (citing *Jiron v. City of Lakewood*, 392 F.3d 410, 414 (10th Cir. 2004)).

resolved before being required to engage in discovery and other pretrial proceedings. One of the purposes of immunity . . . is to spare a defendant not only unwarranted liability, but unwarranted demands customarily imposed upon those defending a long drawn-out lawsuit. The Supreme Court has made it clear that until the threshold question of immunity is resolved, discovery should not be allowed."[15]

**B.**     **Analysis**

As noted above, defendant Burris raises the defense of qualified immunity (*see* ECF No. 39 at 3; *see also* ECF No. 36 at 9-10), and the caselaw is clear such defenses "protect [individual defendants] against the burdens of discovery."[16] Moreover, all three of the *Wolf* factors weigh in favor of stay. First, although this Court declines to express any opinion concerning the merits of the parties' ultimate claims or defenses, because they are matters to be determined by the District Judge assigned to this case, if the motion to dismiss or for summary judgment is granted, the case could be dismissed in its entirety. Second, Plaintiff's vague references to unspecified discovery do not convince the Court that discovery is necessary to a decision on the dispositive motion. Finally, the Court finds discovery on all issues of the Complaint would be wasteful and burdensome, given that all Plaintiff's claims stem from the same set of facts and are the subject of the dispositive motion.

---

[15] *Pfuetze v. State of Kansas*, No. 10-1139-CM-GLR, 2010 WL 3718836, at *1 (D. Kan. Sept. 14, 2010) (citing *Siegert v. Gilley*, 500 U.S. 226, 232 (1991)); *see also Tennant v. Miller*, No. 13-2143-EFM-KMH, 2013 WL 4848836, at *1 (D. Kan. Sept. 11, 2013) (collecting cases staying discovery) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 686 (2009) (noting that a plaintiff "is not entitled to discovery, cabined or otherwise," against government officials raising immunity defenses)).
[16] *Stonecipher*, 759 F.3d at 1148 (10th Cir. 2014) (internal citations omitted)).

Even if the Court could somehow parse out specific claims on which to move forward with discovery, a number of opinions from this District have found bifurcated discovery to be inefficient, impractical, and prejudicial.[17] The Supreme Court, in *Ashcroft v. Iqbal*,[18] found "[i]t is quite likely that, when discovery as to the other parties proceeds, it would prove necessary for [the individual defendants] to participate in the process to ensure the case does not develop in a misleading or slanted way that causes prejudice to their position. Even if [the defendant presenting immunity defenses is] not yet themselves subject to discovery orders, then, they [still] would not be free from the burdens of discovery."[19] The Court is convinced that full-fledged and meaningful discovery would be onerous pending resolution of the motion to dismiss.

As discussed above, when immunity is asserted by dispositive motion, a stay of discovery is proper pending a ruling on the immunity issue. Here, defendant Burris raises an immunity defense. Additionally, resolution of the dispositive motion will, at minimum, narrow the claims at issue. Exercising its discretion and weighing Plaintiff's interest in proceeding with Defendants' arguments regarding potential burden, the Court finds a stay

---

[17] *See, e.g., Toney v. Harrod*, Case No. 15-3209-EFM-TJJ, 2018 WL 5830398, at *2 (D. Kan. Nov. 7, 2018) (staying all discovery in a 3-year-old case, even as to non-moving defendant, finding the "inconvenience of a temporary stay pending rulings on the motions to dismiss is outweighed by the inefficiency of redundant depositions" and bifurcated discovery would be a "wholly inefficient alternative and inconsistent with the directive and spirit of Federal Rule of Civil Procedure 1"); *see also Alexander v. Bouse*, Case No. 17-2067-CM-JPO, 2017 U.S. Dis. LEXIS 124982, at *2 (D. Kan. Aug. 8, 2017) (granting a stay for all claims pending resolution of motions to dismiss, in party on immunity defenses, because "the common nucleus of facts underlying all [of Plaintiff's] claims makes bifurcating discovery impractical and potentially prejudicial" to the individual defendant).

[18] 556 U.S. 662, 685–86 (2009).

[19] *Id.*

of discovery appropriate under the circumstances of this case. Defendants' Motion to Stay Discovery and Related Rule 26 Activities (ECF No. 39) is **GRANTED**.

## III.  Conclusion

For the reasons set forth above, the Court enters the following orders:

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion to Request Access to Exhibit 24 (**ECF No. 34**) is **DENIED**. The Court strongly discourages further motion practice regarding Exhibit 24.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Renew Request for the Court to Compel the KDOC to Provide Information (**ECF No. 42**) is **DENIED**.

**IT IS FURTHER ORDERED** that to that extent Plaintiff's Motions for Ruling on Pending Motions seeks a decision on the matters pending before the undersigned Magistrate Judge, his motions (**ECF Nos. 57 and 63**) are found to be **MOOT** given the rulings encompassed in this Order. To the extent Plaintiff seeks immediate ruling on other matters, his motion is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Request Cease and Desist (**ECF No. 58**) is found **MOOT**, and his Motion for Withdrawal of the Cease and Resist Request (**ECF No. 61**) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Stay Discovery and Related Rule 26 Activities (**ECF No. 39**) is **GRANTED**. All Rule 26 proceedings, including the parties' obligations to provide initial disclosures, prepare a Planning Report, and attend a scheduling conference, are stayed pending a decision on Defendants' Motion to Dismiss, or in the Alternative, for Summary Judgment (ECF No. 35).

**IT IS SO ORDERED.**

Dated November 17, 2021, in Wichita, Kansas.


s/ Gwynne E. Birzer
GWYNNE E. BIRZER
United States Magistrate Judge