IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DARREN L. WILLIAMS,

        Plaintiff,

v.                                                 Case No. 20-3277-JWB

JEFF ZMUDA,
*Secretary, Kansas Department of Corrections*;
DOUGLAS W. BURRIS, *Facility Manager,
Kansas Department of Corrections*,

        Defendants.

**MEMORANDUM AND ORDER**

This matter is before the court on Plaintiff's motion for reconsideration. (Doc. 67.) The motion has been briefed and is ripe for decision. (Docs. 67, 68.) For the reasons stated herein, Plaintiff's motion for reconsideration is DENIED.

On March 10, 2022, this court entered an order granting Defendants' motion to dismiss or for summary judgment. (Doc. 65.) The detailed background is set forth in that order and will not be restated here. Plaintiff subsequently filed the present motion asking the court to "thoroughly and realistically" address his previous arguments made in rebuttal to Defendants' motion to dismiss or for summary judgment. (Doc. 67 at 5.) Defendants argue that Plaintiff "merely reasserts his previous arguments or attempts to bolster those arguments in a way he could have done" previously, which "is not a proper ground for reconsideration." (Doc. 68 at 2.) The court agrees.

"A motion to reconsider must be based on: (1) an intervening change in controlling law; (2) the availability of new evidence, or (3) the need to correct clear error or prevent manifest

injustice." D. Kan. Rule 7.3(b)[1]; *see also Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (stating same three grounds for a Rule 59(e) motion to reconsider a non-dispositive order). A motion for reconsideration is not appropriate to repeat arguments or advance arguments that could have been raised previously. *Servants of Paraclete*, 204 F.3d at 1012.

Here, it is clear that Plaintiff is simply rehashing his previous arguments the court already considered in granting Defendants' motion and dismissing Plaintiff's complaint. Defendant points to no change in the law or evidence. Instead, Plaintiff believes the court erred by not properly considering his rebuttal arguments before granting Defendants' motion. However, this is not the case. The court clearly walked through Plaintiff's arguments concerning all four prongs of the *Turner* test and his equal protection allegations. (Doc. 65 at 10-16.) Defendant offers nothing new for the court to consider. Accordingly, Plaintiff's motion for reconsideration (Doc. 67) is DENIED.

**IT IS SO ORDERED** this 10th day of May, 2022.

    s/ John W. Broomes
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff does not state whether his motion for reconsideration is brought under Fed. R. Civ. P. 59 or 60. *See* D. Kan. R. 7.3(a). Nevertheless, the court concludes that the motion fails to state a basis for reconsideration under either Rule 59(e) or Rule 60.